IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**JOHN DOE (STEVEN M. HUFFER)**,

        Plaintiff,

    v.

**CARMEN LEIGH KOSICEK; MAY ANN HUFFER (MANGUERRA); PROHEALTH CARE; UNIVERSAL HEALTH SERVICES**

        Defendants.

Civ. No. 6:25-cv-00110-AA

**OPINION & ORDER**

---

AIKEN, District Judge:

    Plaintiff John Doe (Steven Huffer) seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff alleges negligence and also brings claims under the Racketeer Influenced and Corrupt Organizations Act against his former spouse and various healthcare providers. Complaint, ECF No. 1. Plaintiff also moves for appointment of pro bono counsel. ECF No. 3. For the reasons explained, the Court GRANTS Plaintiff's IFP application, ECF No. 2, without allowing service of the complaint. The Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff's motion for pro bono counsel, ECF No. 3, is DENIED.

Page 1 – OPINION & ORDER

BACKGROUND

Plaintiff lives in Texas, and he alleges that one defendant, Carmen Leigh Kosicek, resides in Oregon. Compl. at 2. The remaining defendants are alleged to be domiciled in Florida, Wisconsin, and Pennsylvania. *Id*.

Plaintiff alleges that defendants used friends and family members as proxies to engage in an unlawful conspiracy to undermine his mental health and paint him as a person having a substance abuse problem so that his former spouse could gain custody of their minor child. Compl. at 4. Plaintiff alleges that most of the complained-of conduct took place in 2015. *Id*. Plaintiff explains that someone named Carols Rodriguez and "other mutual friends" from Las Vegas engaged in a cyber stalking campaign against him and attempted to blackmail him. *Id*. From "false domestic violence accusation[s]" to "the planting of evidence," plaintiff lists a plethora of activities he asserts were conspiratorial in nature and caused him extreme confusion, the result of which made "his attendance at his divorce hearing impossible." *Id*.

Against defendant Universal Health Services ("UHS") plaintiff alleges that its employees framed him for stealing "hydromorphone" from work. *Id*. at 5. Plaintiff states that UHS employees framed him to undermine his custody battle. *Id*. In his allegations, plaintiff explains that UHS employees also "attempted to use sextortion, as a basis to terminate [his] employment and in an attempt to undermine [his] marriage to May Ann Huffer, in order to gain a more favorable child custody claim." *Id*.

Against defendant Carmen Leigh Kosicek ("Kosicek"), plaintiff alleges that in 2021, she made a statement in his medical record that he was divorced and charged with a crime, which made plaintiff "feel as if he would be hauled off to jail if he attended his divorce hearing." *Id*. Plaintiff alleges that the statements were false. Plaintiff alleges that Kosicek was involved with a conspiracy to prevent plaintiff from returning to his marital home and to cover up an affair the plaintiff's wife was allegedly having. *Id*. Plaintiff alleges that this was "malpractice" and falls into the "5 year malpractice guidelines."

Plaintiff also includes some allegations about a person who put a note in his medical folder that read "We Respect Veterans" and that later, the note was removed from the folder. Plaintiff alleges that his healthcare providers "accused" plaintiff of imagining the note. *Id*. In plaintiff's view, that shows their motivations to make him "Split," and demonstrates to plaintiff that they were falsely imprisoning him. Plaintiff seeks over 2.8 million dollars in damages and asks the court to reestablish contact with his minor child. *Id*.

## LEGAL STANDARD

Generally, all parties instituting any civil action in the United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts are authorized under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*. A district court may deny leave to amend when amendment would be futile. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013). The court must construe pro se pleadings

liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall,* 261 F.3d 896, 899 n. 2 (9th Cir.2001).

## DISCUSSION

I.   Motion to Proceed IFP

Plaintiff's application to proceed IFP indicates that he earns less than $20,000 annually and he reports owning a 2008 Jeep Liberty. He carries some consumer debt and has trouble paying his expenses. Court finds Plaintiff's application and affidavit are sufficient to show he is unable to pay the fees or post securities required to maintain this action. Accordingly, Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) is granted.

II.  Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel. ECF No. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). To determine whether exceptional circumstances exist, this Court evaluates the plaintiff's likelihood of success on the merits and ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* at 1335-36. At this stage, the Court does not find that exceptional circumstances exist to warrant appointment of counsel, as it is not yet clear whether plaintiff is likely to succeed on the merits. Plaintiff's motion to appoint counsel is denied.

III.  Screening of Complaint Under 28 U.S.C. § 1915(e)(2)

   A.  Negligence

As more fully described above, plaintiff's allegations appear to stem from a divorce and custody proceeding resulting in an outcome undesirable to him. Compl. at 4-5. Much of the alleged conduct is stated to have taken place in 2015 and 2021. *Id*. The Court notes that the statue of limitations for negligence in Oregon is two years. ORS § 12.110(1). Any claim for negligence based on the conduct alleged in the complaint is time barred. Therefore, the Court lacks jurisdiction over plaintiff's negligence claim.

   B.  RICO Act Claim

Broadly speaking, there are two parts to a civil RICO claim, which are the civil RICO violation, defined under 18 U.S.C. § 1962, and RICO standing, defined under 18 U.S.C. § 1964(c). *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co.*, 943 F.3d 1243, 1248 (9th Cir. 2019). A civil RICO violation consists of four elements: "a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)).

And to establish "RICO standing" a plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was by reason of' the RICO violation. *Painters*, 943 F.3d at 1248 (quoting *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)) Among those elements, a

"pattern ... requires at least two acts of racketeering activity" committed within 10 years of each other. *Wieck v. CIT Grp., Inc.*, 308 F. Supp. 3d 1093, 1125 (D. Haw. 2018) (citing 18 U.S.C. § 1961(5)).

Thus, in order to state a claim under RICO, a plaintiff must allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendant participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff. *See* 18 U.S.C. §§ 1961-68, 2314, 2315.

Here, plaintiff has not alleged any facts that show that there were two predicate acts of "racketeering activity" or a "criminal enterprise" of any kind. Plaintiff has not also alleged any facts that show that defendants were engaged in racketeering activity that "affected interstate commerce." Plaintiff has not alleged facts that show any causal relationship between the defendants, the defendants' acts, and the harm suffered by plaintiff.

The harm plaintiff suffered was termination from employment, which was apparently based on a supervisor claiming plaintiff had improperly stolen medication from work supply, or improperly used medication at work. Plaintiff does not set forth any factual allegations that demonstrate how the other defendants engaged in an enterprise or racketeering to cause that harm.

Another harm plaintiff describes is the loss of custody of his minor child. However, the parental rights decision was rendered by a court with jurisdiction over

his family law case. A court is immune from suit for its legal decisions. *Conover v. Haggerty*, No. 04-1087-KI, 2004 WL 1970152, at *1 (D. Or. Sept. 7, 2004).

Most of plaintiff's allegations have no foundation in any law that the Court can discern. And none of the facts alleged are sufficient for the court to draw an inference that plaintiff suffered "harm to his business or property" because of defendants' racketeering enterprise.

The Court finds that plaintiff has failed to allege facts sufficient to state a plausible claim and the complaint is frivolous. *See Iqbal*, 556 U.S. at 678 (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that a claim may be dismissed as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible"); *see also* 18 U.S.C. 1961(1) (defining racketeering activity); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010) (setting forth elements of a civil RICO claim and explaining that to plead a RICO conspiracy claim, the plaintiff must first adequately plead a substantive violation of RICO).

IV.   Dismissal with Leave to Amend

Because plaintiff is self-represented, the court will provide an opportunity to amend the complaint. Plaintiff shall have thirty days to amend the complaint. The Court instructs plaintiff to file a new complaint that sets out: (1) a short and plain statement for each defendant; (2) stating what law each defendant violated; (3) describing how each defendant violated the specific law; and (4) showing how each

violation of law caused plaintiff's harm. The Court set out the elements necessary to allege a civil claim under RICO in the section above. Plaintiff should include only the facts relevant to the RICO claim.

## CONCLUSION

The Court GRANTS Plaintiff's IFP application, ECF No. 2, without service of the complaint. The complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff's motion for pro bono counsel, ECF No. 3, is DENIED. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to file an amended complaint within thirty days will result in dismissal of this case without further notice.

It is so ORDERED and DATED this 27th day of June 2025.

/s/Ann Aiken

Ann Aiken
United States District Judge